Judge GRATTON,
specially concurring.
I write separately to express my belief that a “promise” and an “assurance” are not synonymous or interchangeable. Our Supreme Court decisions use the term “assurance,” in regard to voir dire. State v. Johnson, 145 Idaho, 970, 979, 188 P.3d 912, 921 (2008); State v. Hairston, 133 Idaho, 496, 506, 988 P.2d 1170, 1180 (1999); State v. Jones, 125 Idaho 477, 484, 873 P.2d 122, 129 (1994). Indeed, this Court, in State v. Hauser, 143 Idaho 603, 609-611, 150 P.3d 296, *865 302-304 (Ct.App.2006) generally used the term “assurance,” and cited to several cases similarly using that term. Unfortunately, in Hauser, we suggested that perhaps “the trial court” (not counsel) could have participated by “directly asking the juror whether he would promise or commit.” Id. at 611, 150 P.3d at 304. The sample questions proposed by the majority demonstrate that assurances can be obtained without asking a potential juror to make a promise. The sample question proposed in Hauser, using the term “promise” should be disavowed. I do not believe that attorneys should be extracting promises from potential jurors. I can only imagine where such a practice may lead.