**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36176**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 17** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 15, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| TWO JINN, INC., | ) | |
| | ) | |
| Real Party in Interest-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RODERICK JAY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla W. Williamson, District Judge.

Order denying motion to set aside forfeiture and exonerate bond, <u>affirmed</u>; order denying motion for reconsideration, <u>affirmed</u>.

Robyn A. Fyffe of Nevin, Benjamin, McKay, Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karin D. Jones, Deputy Attorney General, Boise, for respondent. Karin D. Jones argued.

_____

MELANSON, Judge

Two Jinn, Inc., a bail bond company and the real party in interest, appeals from the district court's order denying Two Jinn's motion to set aside forfeiture and exonerate bond and the district court's order denying Two Jinn's motion for reconsideration. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Roderick Jay Brown was charged with two counts of burglary, one count of driving without privileges, and being a persistent violator. After Brown was arraigned and his trial

1

schedule had been set, Two Jinn posted bond in the amount of $5,000. Brown failed to appear at a pre-trial conference on June 12, 2008. The district court issued a bench warrant, forfeited Brown's $5,000 bond, and set a new bond at $25,000. On October 18, 2008, Brown was arrested in Texas on the bench warrant. On October 23, 2008, Brown appeared in court, after being returned to Idaho by law enforcement.

Thereafter, Two Jinn filed a motion to set aside forfeiture and exonerate bond pursuant to I.C.R. 46 and I.C. § 19-2927, asserting that Two Jinn was entitled to such relief because Brown appeared in court within 180 days of the district court's forfeiture of the bond. The district court denied Two Jinn's motion. Two Jinn filed a motion to reconsider the district court's order, which the district court denied. Two Jinn appeals.

## II.

## ANALYSIS

### A.    Conflict Between Former I.C. § 19-2527 and Former I.C.R. 46(g)

The decision whether to exonerate bond is committed to the district court's discretion. *State v. Quick Release Bail Bonds*, 144 Idaho 651, 655, 167 P.3d 788, 792 (Ct. App. 2007). Two Jinn argues that the district court abused its discretion by denying Two Jinn's motion to set aside forfeiture and exonerate bond. In reviewing a trial court's exercise of discretion we consider whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Id*.

Two Jinn argues that the district court abused its discretion by denying Two Jinn's motion to set aside forfeiture and exonerate the bond under both former I.C. § 19-2927 and former I.C.R. 46(g).[1] While I.C. § 19-2927 expressly authorized the exoneration of a bond after forfeiture if the defendant provided a satisfactory excuse for a failure to appear, I.C.R. 46(g) required exoneration of the bond anytime a defendant appeared within 180 days. In its order denying Two Jinn's motion, the district court held that, when read together, the statute and the

---

[1]    Effective July 1, 2009, I.C. § 19-2927 was repealed by S.L. 2009, ch. 90, § 1 and replaced by the Idaho Bail Act, I.C. § 19-2901 et. seq. Similarly, effective July 1, 2009, the Idaho Supreme Court repealed I.C.R. 46 and replaced it with a revised I.C.R. 46. At the time the bond was set and the motion to exonerate the bond was filed, former I.C. § 19-2927 and I.C.R. 46(g) controlled. This opinion addresses the application of the former statute and rule.

2

rule required Brown to provide a satisfactory excuse for his failure to appear prior to the court granting exoneration of the bond. Because Brown did not provide such an excuse, the district court denied Two Jinn's motion. However, the district court held in the alternative that, if the statute and the rule could not be read in harmony, the statute controlled because the exoneration of bond is a matter of substantive law. Therefore, the district court denied Two Jinn's motion because Brown was required to provide an excuse under the controlling statute and failed to do so. Two Jinn contends that the district court erred by concluding that I.C.R. 46(g) did not require exoneration of the bond in this case and that the exoneration of bond is a matter of substantive law and was controlled by I.C. §19-2927.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Under the former statute and rule, whenever a defendant failed to appear in court when required to do so by his or her bail conditions, the court was required to forfeit the bond if there was no sufficient excuse for the failure to appear. I.C. § 19-2927; I.C.R. 46(e)(1)[2]. Defendants or their surety could then file a motion to exonerate a bond which, if granted, would release the defendants or surety from liability. I.C. § 19-2927; I.C.R. 46(g).

Rule 46(g) provided in part:

---

[2]    Idaho Criminal Rule 46(e)(1) provided:

> In the event a defendant fails to appear before the court at the time required as a condition of bail, and the court finds that such failure is without sufficient cause, or where no evidence is presented which would provide sufficient cause, the court shall immediately ex parte forfeit the bail and issue a bench warrant for the defendant.

> If the defendant appears or is brought before the court within one hundred eighty (180) days after the order forfeiting bail, the court *shall* rescind the order of forfeiture and *shall* exonerate the bond.

(Emphasis added). In other words, under I.C.R. 46(g), the court was required to exonerate bond and thereby release the surety from liability if the defendant appeared or was brought before the court within 180 days after the order forfeiting bond. The rule contains no requirement that the defendant explain his or her failure to appear, or that the defendant be surrendered by the person who provided the bail.

In contrast, I.C. § 19-2927, forfeiture of bail, provided in pertinent part:

> If, without sufficient excuse, the defendant fails to appear before the court upon any occasion when his presence has been ordered the court must immediately direct the fact to be entered upon its minutes, order the forfeiture of the undertaking of bail, or the money deposited instead of bail, as the case may be, and order the issuance of a bench warrant for the arrest of the defendant. The clerk shall mail written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail or, if the bail consists of a surety bond, to the surety or its designated agent. A failure to give timely notice shall exonerate the bail or undertaking. If at any time within one hundred eighty (180) days after such entry in the minutes, the defendant appears and *satisfactorily excuses* his neglect, the court *shall* direct the forfeiture of the undertaking or the deposit to be exonerated.
>
> If within one hundred eighty (180) days of the date of forfeiture, a person, other than the defendant, *who has provided bail for the defendant*, *surrenders the defendant to the jail facility of the county which issued the warrant*, the undertaking of bail or deposits are thereby exonerated.

(Emphasis added). Under this provision, the court was required to exonerate bond if the defendant appeared within 180 days of the entry of the forfeiture *and satisfactorily excused his or her neglect*, or a *person who provided bail* for the defendant surrendered the defendant to the jail facility of the county which issued the bench warrant within 180 days of the date of the forfeiture.

The state and Two Jinn argue, and the district court held, that former I.C. § 19-2927 and I.C.R. 46(g) can be read in harmony even though the statute required that the defendant provide an excuse or be surrendered by the bondsman, while the rule did not. When a statute and rule can be reasonably interpreted so that there is no conflict between them, they should be so interpreted rather than interpreted in a way that results in conflict. *State v. Johnson*, 145 Idaho 970, 974, 188 P.3d 912, 916 (2008). In support of this argument, Two Jinn asks this Court to

4

examine the newly-enacted Idaho Bail Act and I.C.R. 46. Two Jinn asserts that the new statute and rule prescribe alternative methods for relief and, therefore, the legislature must have intended for the previous statute and rule to apply in a similar manner. Meanwhile, the state argues that the statute and rule can be interpreted harmoniously. The district court concluded that the statute's specific requirement for an excuse was simply a condition on the rule's more general requirement that the defendant appear within 180 days, prior to exoneration.

The language of both I.C. § 19-2927 and I.C.R. 46(g) was clear and unambiguous. A plain reading of I.C.R. 46(g) reveals that, if the defendant appeared within 180 days, no matter by what method, with or without a satisfactory excuse, the court was required to exonerate the bond. In contrast, the plain language of I.C. § 19-2927 provided that exoneration of the bond was required if the defendant appeared and provided a satisfactory excuse. An excuse was not required under the statute when the surety surrendered the defendant to the jail in the county which issued the bench warrant. However, when the defendant was surrendered by someone other than the surety or person posting bond within 180 days, a satisfactory excuse was mandatory.

Thus, because the statute and rule were clear and unambiguous, it is unnecessary for this Court to engage in any statutory construction, either by examining the legislature's intent or the newly-enacted statutes. Further, because the plain language of I.C. § 19-2927 required a satisfactory excuse, while the language of I.C.R. 46(g) did not, we conclude that the rule and the statute were conflicting. Therefore, the district court erred by determining that I.C. § 19-2927 and I.C.R. 46(g) could be reasonably interpreted so that there is no conflict.

**B.      Substantive v. Procedural Law**

Two Jinn asserts that, if I.C. § 19-2927 and I.C.R. 46(g) cannot be read in harmony, the rule controls because the court's decision to exonerate bond is a matter of procedure. The state responds that the court's decision to exonerate bond is one of substantive law and is controlled by I.C. § 19-2927.

Substantive law issues are the province of the legislature, while matters of rulemaking and procedure are generally the province of the judiciary. *See Johnson*, 145 Idaho at 974, 188 P.3d at 916; *State v. Yoder*, 96 Idaho 651, 654, 534 P.2d 771, 774 (1975). The Idaho Supreme Court has stated that, "where conflict exists between statutory criminal provisions and the Idaho Criminal Rules in matters of procedure, the rules will prevail." *State v. Currington*, 108 Idaho

539, 541, 700 P.2d 942, 944 (1985). Conversely, in matters of substantive law, the statute applies. *See State v. Beam*, 121 Idaho 862, 864, 828 P.2d 891, 893 (1992).

The issue before this Court, therefore, is whether the law authorizing a district court to exonerate a surety's bond is a matter of substantive law or procedure. In making such a determination, the Idaho Supreme Court has relied in part upon a standard adopted by the Washington State Supreme Court in *State v. Smith*, 527 P.2d 674, 676-77 (Wash. 1974):

> Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus *creates, defines, and regulates primary rights*. In contrast, practice and procedure pertain to the *essentially mechanical operations* of the courts by which substantive law, rights, and remedies are effectuated.

(Emphasis added). In *Smith*, the Washington Court was faced with a conflict between the state constitution and a statute, both of which dealt with the issuance of bail. The Court held that courts have limited inherent powers, including the power to set rules for practice and procedure. *Id*., 527 P.2d at 677. Further, the Court held that the fixing of bail and the release of a defendant from custody has traditionally been "a function of the judicial branch of government" and was therefore procedural in nature. *Id*.

Relying in part upon the rationale in *Smith*, the Idaho Supreme Court in *Currington* also held that the fixing of bail is a matter of procedure. *Currington*, 108 Idaho at 541, 700 P.2d at 944. In that case, a conflict existed between an Idaho statute and an Idaho criminal rule. The rule provided for post-conviction bail, while the statute did not. The Court in *Currington* held that the issue of fixing bail is an inherent power of the judiciary and is, therefore, a matter of procedure. As such, the rule, not the statute, applied. Specifically, the Court held that, "as to the very narrow issue presented here, *i.e.* the authority of a trial court to allow post-conviction bail to a convicted criminal made ineligible for bail by a statutory enactment, the issue is one of procedure rather than of substantive law." *Id*. 108 Idaho at 540-41, 700 P.2d at 943-44.

In *Yoder*, the Court was also faced with a conflict between an Idaho statute and the Idaho Criminal Rules. In that case, a search warrant was issued pursuant to electronically recorded testimony, rather than a written affidavit. Idaho Criminal Rule 41(c) allowed an affidavit sworn before the district judge or recorded testimony under oath in support of a search warrant. The

6

language of the statute, however, required the magistrate to examine the complainant or any witnesses supporting the warrant under oath and take their deposition in writing before issuing a warrant. The Court held that, based on the judiciary's inherent power to formulate rules of practice and procedure, I.C.R. 41(c) was in "full force and effect at all times relevant herein" and, therefore, the statute did not apply. *Yoder*, 96 Idaho at 654, 534 P.2d at 774. Like the Court in *Currington*, the *Yoder* Court based its decision on the inherent power of the judiciary to set the procedural requirements for issuing a search warrant.

Similarly, *State v. Lindner*, 100 Idaho 37, 592 P.3d 852 (1979) involved conflicting requirements for a search warrant. Idaho Code Section 19-4411 required that an affidavit in support of a night-time search warrant set forth "positive" facts illustrating that the property sought would be found on the person or place to be searched, while I.C.R. 41(c) required only "reasonable cause" for the search. The Court held that the affidavit at issue in that case satisfied both the statute and the rule. However, relying on *Yoder*, the Court stated in a footnote that, "although it is not necessary to our decision, we are persuaded that the rationale of *Yoder* would necessarily lead to the conclusion that I.C.R. 41 would control to the exclusion of I.C. § 19-4411." *Linder,* 100 Idaho at 42 n.5, 592 P.3d at 857 n.5. Again, the Court concluded that the procedural requirements for issuing a search warrant were left to the province of the courts.

The Court has also decided cases where substantive law controlled when a statute and criminal rule conflicted. The defendant in *Beam* was convicted of first degree murder and sentenced to death. After an appeal, the defendant filed a motion to correct an illegal sentence pursuant to I.C.R. 35. The statute at issue required a defendant to file a challenge to a sentence within forty-two days, while the rule allowed such a challenge at any time. The Court held that, due to the unique nature of the death penalty, the statute "creates, defines, and regulates a primary right" and, as such, was a matter of substantive law. *Beam*, 121 Idaho at 864, 828 P.2d at 893. Therefore, the Court reasoned that the statute, not the rule, applied.

In addition, the Court in *Johnson* was faced with a similar issue involving a statute and a criminal rule. In that case, the defendant appealed a conviction of first degree murder because the jury at trial was given an aiding and abetting instruction, but the charge of aiding and abetting was not included in the charging document. The requirements for a charging document for aiding and abetting are governed by I.C. § 19-1430 and I.C.R. 7(b), which appeared to be in conflict. The Court held that the rule and statute could be interpreted so that there was no

7

conflict, but, even if a conflict existed, the matter was one of substantive law and the statute controlled. The Court determined that the legislature "is defining and regulating the mechanism for giving the defendant notice when that defendant committed a felony as an accessory." *Johnson*, 145 Idaho at 974, 188 P.3d at 916. The Court further reasoned:

> The Legislature's definition of principal and abolishment of the distinction between principal and accessories does not pertain to mechanical operations of the courts; the Legislature is creating, defining, and regulating primary rights. Thus, I.C. § 19-1430 is substantive and does not overlap with this Court's power to create procedural rules. Therefore, even if I.C. § 19-1430 and I.C.R. 7(b) were in conflict, the statute would prevail.

*Id*. at 974-75, 188 P.3d at 916-17.

In this case, the I.C. § 19-2927 governed the surety's rights. For example, the surety's obligation to pay for the defendant's failure to appear may vary, depending on the date the defendant finally appeared in court, whether the surety or other parties surrendered the defendant, and whether the defendant provided a satisfactory excuse for his or her absence. Unlike the courts in *Smith* and *Currington*, this Court is not faced with the judiciary's inherent power to *issue* bail. Rather, former I.C. § 19-2927 defined the rights of the party posting bond, and the circumstances under which such a party would avoid liability should the defendant fail to appear in court. The statute exemplified the legislature's power to regulate a surety's right to relief, should the bond be forfeited. Such regulation is not an inherent power of the court. While *Yoder* and *Lindner* involved the court's inherent power to set the procedural steps required for obtaining a search warrant, this case does not pertain to such mechanical operations of the judiciary. Therefore, as to the narrow issue presented here--the authority of a trial court to exonerate a bond posted by a surety when the defendant was surrendered within 180 days by someone other than the surety--the issue is one of substantive law. For that reason, former I.C. § 19-2927 was controlling. Therefore, the district court did not err by denying Two Jinn's motion to exonerate the bond. In addition, no new issues were presented to the district court on the motion for reconsideration. As such, Two Jinn has failed to show that the district court abused its discretion by denying the motion to set aside forfeiture and exonerate bond or the motion for reconsideration.

8

## III.

## CONCLUSION

The district court erred by determining that former I.C.R. 46(g) and I.C. § 19-2927 can be reasonably interpreted so that there is no conflict. However, the district court properly deemed the statute in this case a matter of substantive law, and correctly applied former I.C. § 19-2927. Further, Two Jinn presented no new issues in its motion for reconsideration. Therefore, Two Jinn failed to show that the district court abused its discretion. Accordingly, the district court's orders denying Two Jinn's motion to set aside forfeiture and exonerate bond and motion for reconsideration are affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**