# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket Nos. 43493/43494

STATE OF IDAHO,

    **Plaintiff-Respondent,**

v.

JASON ZANE GARNER,

    **Defendant-Appellant.**

)
)
)
)
)
)
)
)
)
)
)
)
.

**Boise, January 2017 Term**

**2017 Opinion No. 25**

**Filed: February 28, 2017**

**Stephen Kenyon, Clerk**

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

The judgment of the district court is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Jenny C. Swinford argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Jessica M. Lorello argued.

————————————

BRODY, Justice

    Appellant Jason Zane Garner appeals the district court order revoking his probation and reinstating his sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Garner was charged with three counts of possession of a controlled substance, possession of a controlled substance with intent to deliver, unlawful possession of a firearm, use of a firearm and/or a deadly weapon during the commission of a crime and stalking, all felonies. Pursuant to a plea agreement, he pleaded guilty to one count each of possession of a controlled substance and possession with intent to deliver and entered an *Alford*[1] plea on the stalking charge. For the drug offenses, Garner received a sentence of two five-year terms of imprisonment, with three years fixed, to be served concurrently. For stalking, Garner received a five-year sentence, with three

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

years fixed, to run consecutively. The district court retained jurisdiction and Garner was assigned to the Correctional Alternative Placement Program for treatment. Garner completed his rider program successfully.

Following his completion of the rider program, Garner was placed on supervised probation for five years. The terms of his probation included, among other things, that he: (i) not leave the Third Judicial District (Adams, Gem, Canyon, Owyhee, Payette and Washington counties) without written permission from his probation officer; (ii) abide by the No Contact Order entered in the stalking case; and (iii) follow the instructions of his probation officer.

In May 2015, the stalking victim saw Garner outside Albertson's in Boise. The victim exited her workplace and recognized Garner's Toyota truck about thirty yards away in the parking lot in front of the grocery store. She took pictures of the truck (which were clear enough to reveal his license plate), then left the scene and notified police. Although she did not approach the truck or speak with Garner, she later testified that he was sitting in his truck and appeared to be smiling at her in the rearview mirror. A few days later, the victim reported to police that her neighbors had seen Garner driving past her house repeatedly.

Following this incident, an arrest warrant was issued for Garner for allegedly violating the terms of probation. Two hearings were subsequently conducted by two different district judges. One judge conducted an evidentiary hearing. A second judge conducted the disposition hearing. At the disposition hearing, Garner's probation officer testified that Garner changed his story repeatedly when asked about his presence in Boise and did not take responsibility for his actions. When asked if Garner's behavior merited imposition of the sentence (or whether he should be placed on another rider), the probation officer testified that further efforts to rehabilitate Garner would likely be unsuccessful. The district court imposed the entire ten-year term of imprisonment, with six years fixed. Garner filed a Rule 35 motion to reduce his sentence. Because Garner did not produce any new or additional evidence to support the motion, it was denied. Garner timely appealed.

## II. ISSUES PRESENTED ON APPEAL

1. Whether Idaho Criminal Rule 33(f) properly limits the grounds upon which a court can revoke probation.

2. Whether there was substantial and competent evidence to support the district court's revocation of Garner's probation.

2

## III.  STANDARD OF REVIEW

Review of a probation revocation proceeding involves a two-step analysis. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009); *State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003).  First, it is determined whether the terms of probation have been violated. *Sanchez*, 149 Idaho at 105, 233 P.3d at 36.  If they have, it is then determined whether the violation justifies revocation of the probation. *Knutsen*, 138 Idaho at 923, 71 P.3d at 1070.

> With regard to the first step, a district court may revoke probation only upon evidence that the probationer has violated probation. . . . A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. . . .
> As to the second step, the decision whether to revoke a defendant's probation for a violation is within the discretion of the district court. Thus, we review a district court's decision to revoke probation under an abuse of discretion standard.

*Id.*  "In determining whether the district court abused its discretion, this Court considers (1) whether the trial court understood the issue as discretionary; (2) whether the trial court acted within its discretionary scope and under applicable legal standards; and (3) whether the trial court exercised reason." *State v. Easley*, 156 Idaho 214, 218, 322 P.3d 296, 300 (2014).

"This Court exercises free review over the application and construction of statutes." *State v. Two Jinn, Inc.*, 148 Idaho 706, 708, 228 P.3d 387, 389 (2010).  "When interpreting a statute, the Court begins with an examination of the literal words of the statute." *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999).  "The language of the statute is to be given its plain, obvious and rational meaning." *Id.*  "Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction." *Two Jinn*, 148 Idaho at 708, 228 P.3d at 389.

"When a statute and a rule can be reasonably interpreted so that there is no conflict between them, they should be so interpreted rather than interpreted in a way that results in conflict." *Id.* at 709, 228 P.3d at 390. "When there is a conflict between a statute and a criminal rule, this Court must determine whether the conflict is one of procedure or one of substance; if the conflict is procedural, the criminal rule will prevail." *State v. Johnson*, 145 Idaho 970, 974, 188 P.3d 912, 916 (2008). On the other hand, when the conflict is substantive, the statute will

prevail. *Two Jinn*, 148 Idaho at 709, 228 P.3d at 390; *see also State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992).

## IV.    ANALYSIS

**A.    Rule 33(f) can be read together with Idaho statutes governing revocation of probation without conflict.**

The State challenges whether Idaho Criminal Rule 33(f) can be read in harmony with Idaho statutes governing revocation of probation. The rule was amended in February 2012 and currently states in relevant part: "The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant *willfully* violated a condition of probation." (emphasis added). The State contends that this rule conflicts with Idaho Code sections 19-2602, 19-2603 and 20-222 and should not control. The State argues that the court has statutory authority to revoke probation if *any* condition has been violated and that Rule 33(f) improperly restricts that authority. We hold that Rule 33(f) does not conflict with Idaho Code sections 19-2602, 19-2603 and 20-222 and that probation may only be revoked if the defendant's violation was willful. To the extent this Court has made any decisions since the amendment of Rule 33(f) that may be construed as inconsistent with this holding, those opinions are overruled as to that issue.

Statutes and rules that can be read together without conflicts must be read in that way. *Two Jinn*, 148 Idaho at 709, 228 P.3d at 390.  Idaho Code sections 19-2602, 19-2603 and 20-222 and Rule 33(f) build upon each other. Idaho Code section 19-2602 is the starting point because it governs when a probationer can be arrested for an alleged violation. The provision states:

> If it is proved *to the satisfaction of the court* that the terms and conditions upon which the defendant was placed on probation by the court or any of them have been violated or for any other cause *satisfactory to the court*, the court may, at any time within the longest period for which the defendant might have been originally sentenced by judgment of the court, issue a bench warrant for the rearrest of the defendant.

I.C. § 19-2602 (emphasis added).

Idaho Code section 19-2603 governs the options that are available to the court after a probationer has been re-arrested and a violation has been proven. The provision states:

> When the defendant is brought before the court *in such case*, it may, if judgment has been withheld, pronounce any judgment which it could have originally pronounced, or, if

4

judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law . . .

I.C. § 19-2603 (emphasis added)

Idaho Code section 20-222 is substantially similar to the foregoing provisions, but adds the requirement that a hearing be held before probation can be revoked. It states in relevant part:

. . . At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be rearrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.

I.C. § 20-222.

In making the argument that Rule 33(f) conflicts with these statutes, the State has overlooked the emphasized language. The legislature made it clear in Idaho Code section 19-2602 that a probation violation has to be proven to the satisfaction of the court. The "satisfaction of the court" language is an expression of authority that opens the door to court rulemaking. Rule 33(f) reflects the court's determination of the type of violation that constitutes satisfactory grounds for revoking probation. There is nothing in Idaho Code section 20-222 that is inconsistent with this rulemaking authority. Because Rule 33(f) can be read in harmony with the probation violation statutes cited by the State, it is the proper standard to be applied in this case.

**B.** **The district court did not abuse its discretion in revoking Garner's probation.**

**1.** **There is substantial and competent evidence to support the determination that Garner willfully violated the terms of probation.**

The terms of Garner's probation required that, among other things, he not have contact with the victims in the stalking case and that he not leave the Third Judicial District without the written permission of his probation officer. The district court entered an Amended Judgment and Commitment following the hearings which contained an express finding that Garner was in willful violation of these terms of his probation. The district court found that Garner willfully violated the requirement that he not leave the Third Judicial District without written permission and that he abide by his probation officer's instruction not to contact the victim. On appeal,

Garner does not challenge the State's assertion that he willfully violated the term forbidding him from leaving the Third Judicial District without the permission of his probation officer. Instead, his contentions focus on whether his contact with the stalking victim was willful. Garner contends that the district court lacked substantial evidence to support the finding that he willfully disobeyed the instruction of his probation officer not to contact the victim because the State did not present evidence that he knew where the victim worked or that he intended to contact her when he was seen in the Albertson's parking lot. The State asserts in response that there was no evidence that Garner's presence there was inadvertent or accidental and that intent can be inferred from conduct and circumstantial evidence. We find that there was substantial and competent evidence to support the district court's findings.

During the evidentiary hearing, the victim testified that she left work at the state liquor store and saw Garner sitting in his truck parked about 30 yards away in the parking lot in front of Albertsons in Boise. Garner did not approach the victim, but it is evident that he saw her because he began texting a friend about the victim. One of the texts stated: "She is going to try to bust me." The victim also testified that Garner was looking at her in his rearview mirror and appeared to smile at her.

Garner gave inconsistent explanations for his presence in the parking lot. While Garner correctly asserts that he does not have the burden of disproving the State's contentions, an inference of willfulness can be made from the evidence presented when inconsistent explanations were provided. There was substantial evidence from which the district court could reasonably infer that Garner willfully violated the terms of his probation that restricted his travel and contact with the victim.

**2.    The district court acted within the bounds of its discretion in revoking Garner's probation.**

The district court correctly perceived Garner's probation revocation as a discretionary determination. After the evidentiary hearing and before imposing the sentence, the court went an additional step of recalling the probation officer to get her opinion as to whether an additional rider would rehabilitate the defendant. The probation officer explained Garner's unwillingness to take responsibility for his actions and his tendency to blame others—including the probation officer—for his situation. The district court acted within the bounds of its discretion, applied

6

appropriate legal standards and reached its conclusion after an exercise of reason. There was no abuse of discretion.

## V.    CONCLUSION

For the foregoing reasons, we affirm the district court's imposition of Garner's underlying aggregate sentence and conclude that a probation violation must be willful as set forth in Idaho Criminal Rule 33(f).


Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.