**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49080 & 49081**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: December 19, 2022** |
| **Plaintiff-Respondent,** ) | |
| ) | **Melanie Gagnepain, Clerk** |
| **v.** ) | |
| ) | |
| **SAMUEL STERLING GALE,** ) | |
| ) | |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Orders finding probation violation, <u>reversed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

─────────────────────────────────

LORELLO, Chief Judge

In these consolidated cases, Samuel Sterling Gale appeals from the district court's orders finding that he violated his probation. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While Gale was serving a five-year term of probation following a period of retained jurisdiction for his convictions for five counts of sexual exploitation of a child, the State filed a motion for probation violation. In a report of violation submitted with the State's motion, Gale's probation officer alleged that Gale violated his probation by failing to successfully complete a sex-offender treatment program and failing to submit to a polygraph examination. During the evidentiary hearing on the State's motion, the district court heard evidence regarding Gale's

1

alleged noncompliance with a required polygraph examination, including his refusal to "cooperate with pre-test questioning" and his invocation of the Fifth Amendment in response to questions about alcohol or illegal drug use. Additionally, Gale's probation officer testified that Gale had been terminated from sex-offender treatment due to his "overall noncompliance" with the polygraph examination.

Following the evidentiary hearing, the State withdrew "the allegations pertaining to [Gale's] invoking his right to remain silent" in response to Gale's written closing argument asserting that the district court could not revoke his probation due to his invocation of the Fifth Amendment. Instead, the State requested that the district court "proceed on evaluating [Gale's] termination from treatment for the other reasons presented in the evidence at the hearing of this matter." Subsequently, the district court found that Gale violated his probation only by failing to complete the required polygraph. In support of this determination, the district court's written findings of fact and conclusions of law referenced the report of violation--even though the document was not formally admitted into evidence during the evidentiary hearing. Ultimately, the district court decided to continue Gale's probation, but imposed seventy-five days in jail as a sanction for the violation. Gale appeals.

## II.

## STANDARD OF REVIEW

The decision to revoke probation is a two-step, discretionary decision. *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017); *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The court must first find that the probation has been violated and if so, whether probation should be revoked. *State v. Allmaras*, 167 Idaho 698, 706, 475 P.3d 1220, 1228 (Ct. App. 2020). The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *Id.* Whether constitutional requirements have been satisfied is subject to free review. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007).

## III.

## ANALYSIS

Gale argues the district court erroneously relied upon evidence that was not admitted during the hearing on the State's motion for probation violation to find he committed an alleged violation

the State had withdrawn. The State responds that Gale has failed to show error in the district court's finding that he violated his probation, contending that he failed to show the State withdrew the allegation that he violated probation by failing to provide background information to the polygrapher. The State also argues that the evidence presented supported this allegation. We hold that the district court erred by finding that Gale violated his probation by refusing to submit to a polygraph examination because, even if the State did not withdraw the allegation, the finding is not supported by substantial, competent evidence.

In a probation revocation proceeding, the trial court must determine: (1) whether the probationer violated probation; and (2) if so, whether the violation justifies revocation. *State v. Hall*, 114 Idaho 887, 888, 761 P.2d 1239, 1240 (Ct. App. 1988). A court may not revoke probation without a finding that the probationer violated the terms of probation. *See* I.C. §§ 19-2603, 20-222; *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). The State bears the burden of proving such a violation by a preponderance of the evidence. *See State v. Ross*, 170 Idaho 58, 64, 507 P.3d 545, 551 (2022) (holding that the trial court did not err in finding by a preponderance of the evidence that a probationer violated his probation by committing petit theft). The trial court's factual findings in a probation revocation proceeding, including a finding that a violation occurred, will be upheld if supported by substantial evidence. *See State v. Russell*, 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992).

The district court found that Gale violated his probation by refusing "to answer certain questions prior to . . . a maintenance polygraph, resulting in the cessation of any attempt to conduct a polygraph." The district court further expounded the violation by referencing the report of violation submitted with the probation violation motion, expressly noting that Gale's probation officer authored the report "upon penalty of perjury." The district court observed that the report described an email from Gale's polygrapher indicating Gale "refused to answer questions regarding physical and mental health or background information" and "indicated that he would refuse to answer any questions that could incriminate" him by invoking the Fifth Amendment. The district court then addressed Gale's argument that he could invoke the Fifth Amendment in response to questions that might incriminate him. Reasoning that the Fifth Amendment right against self-incrimination "comes into play only" in relation to statements "likely to lead to a new criminal prosecution," the district court found that "the evidence supports the allegation that Gale

refused to answer questions not protected by the [Fifth] Amendment, such as questions regarding his physical and mental health and other background information" and, therefore, the district court found "a probation violation in this regard."

Gale contends there is not substantial evidence supporting the district court's conclusion that he violated his probation by refusing to answer questions to which he could not invoke the Fifth Amendment. Gale does not argue that the district court failed to identify sufficient evidence in its written findings of fact and conclusions of law to support the finding that he violated his probation. Rather, Gale asserts the district court erred by relying upon allegations contained in the report of violation, which was not offered or admitted into evidence during the probation revocation hearing, to support the finding. We agree with Gale.

Probation revocation proceedings are not criminal prosecutions and need not implement equivalent procedural safeguards. *See Rose*, 144 Idaho at 765, 171 P.3d at 256. However, because probationers have a protected liberty interest in continued release on probation, probation revocation proceedings must satisfy the requirements of due process. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also State v. Chapman*, 111 Idaho 149, 151, 721 P.2d 1248, 1250 (1986). Due process is a flexible standard and, in the probation context, permits consideration of evidence potentially inadmissible in a criminal trial. *Rose*, 144 Idaho at 767, 171 P.3d at 258. Accordingly, with the exception of rules governing privilege, the Idaho Rules of Evidence do not apply during probation revocation proceedings. I.R.E. 101(e)(3).

Nevertheless, despite fewer restrictions on admissibility, the procedures governing the admission of evidence during probation revocation proceedings have not been relaxed. To the contrary, the importance of such procedures increases in situations, like probation revocation proceedings, where admissibility restrictions are more liberal. Consequently, not every document in a trial court's file constitutes evidence a trial court may freely rely upon to establish disputed facts. Probationers are entitled to disclosure of the evidence against them and an in-person hearing during which they may present witnesses and documentary evidence. *See State v. Wilson*, 127 Idaho 506, 511, 903 P.2d 95, 100 (Ct. App. 1995). However, a hearing during which the party "does not know what evidence is offered or considered" does not satisfy the requirements of procedural due process. *Interstate Com. Comm'n v. Louisville & N.R. Co.*, 227 U.S. 88, 93 (1913). Thus, when addressing Gale's substantial evidence challenge, due process precludes consideration

4

of testimony or other materials not presented as evidence during the probation revocation hearing. *See In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1942) (holding that procedural due process precluded consideration of evidence not presented in a hearing before a bankruptcy referee to evaluate a substantial evidence challenge on appeal). A contrary holding would violate "the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied upon by his opponent presented at the hearing" of the party's case to allow for cross-examination or presentation of rebuttal evidence. *Id.* Thus, a party relying upon documentary evidence in a trial court's files must obtain admission of the documents into evidence. This affords an opposing party the opportunity to both object to inadmissible evidence and offer rebuttal evidence. In short, evidence must be admitted into evidence for a trial court to consider it when deciding whether a probation violation occurred.[1] Consequently, this Court may consider only the evidence admitted into evidence to address Gale's sufficiency of the evidence arguments.

As noted, the district court found Gale violated his probation by refusing to answer questions "not protected by the [Fifth] Amendment, such as questions regarding his physical and mental health and other background information." Other than the report of violation, the record does not contain evidence indicating the polygrapher asked Gale such questions. Thus, even if the State is correct that "the hearing evidence showed that Gale would not answer *any* questions," the district court necessarily relied upon the report of violation to determine the nature of some of the questions he refused to answer.

The State acknowledges that the report of violation was not expressly admitted into evidence during the probation revocation proceedings. However, according to the State, if the district court actually relied upon the report, that would indicate the district court implicitly took judicial notice of it. We are not persuaded. Despite being largely inapplicable in probation revocation proceedings, the Idaho Rules of Evidence still provide guidelines for such proceedings. *See United States v. Bari*, 599 F.3d 176, 179 (2d Cir. 2010) (applying F.R.E. 201 "in some relaxed

---

[1] The Idaho Supreme Court has considered materials that were not formally admitted into evidence in a post-conviction relief proceeding. *See Marr v. State*, 163 Idaho 33, 38-39, 408 P.3d 31, 36-37 (2017). However, *Marr* is not controlling here for at least two reasons. First, the opinion in *Marr* does not address whether considering the unadmitted evidence would violate due process. Second, unlike the report of violation authored by Gale's probation officer, foundation was laid for the unadmitted evidence during the trial court proceedings in *Marr*.

form" to review a trial court's performance of an internet search "to confirm its intuition that there are many types of yellow rain hats for sale"); *cf. Marshall v. Bramer*, 828 F.2d 355, 358 (6th Cir. 1987) (applying F.R.E. 201 as a guideline in affirming a trial court's taking judicial notice when ruling on a pretrial discovery motion). Although trial courts may take judicial notice of records within the court file, it is improper to notice the truthfulness of the facts subject to reasonable dispute alleged within. *See* 21B CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., *Federal Practice and Procedure* § 5106.4 (2d ed. 2005) (discussing F.R.E. 201). The nature of the questions Gale was asked during the attempted polygraph is a fact subject to reasonable dispute. Consequently, even if the district court could implicitly take judicial notice of the report in the trial court file, there still would not be sufficient competent evidence in the record to support the finding that Gale violated his probation. Accordingly, the district court erred in making this finding. Because we hold that the district court erred on this basis, it is unnecessary to address the parties' other arguments.

## IV.

## CONCLUSION

There is insufficient evidence in the record to support the district court's finding that Gale failed to answer questions regarding his physical and mental health in connection with a polygraph examination. Consequently, the district court erred in finding that Gale violated his probation on this basis. Accordingly, the district court's orders finding Gale violated his probation are reversed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

6