**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49699**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 8, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEFFREY EDWARD GREER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Jeffrey Edward Greer appeals from the district court's order revoking his probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Greer pled guilty to possession of methamphetamine. I.C. § 37-2732(c). The district court sentenced Greer to a seven-year term, with a minimum period of confinement of two years, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Greer's sentence and placed him on probation for seven years. Less than three weeks later, the State moved to revoke Greer's probation. After Greer admitted violating two terms of his probation, the district court revoked his probation, imposed the underlying sentence, and retained jurisdiction a second time. At the conclusion of this second

1

period of retained jurisdiction, the district court again placed Greer on probation. When Greer failed to report to his probation officer during the next three weeks, the State again moved to revoke Greer's probation, alleging that he violated various terms of his probation. Greer was subsequently arrested on a bench warrant issued for the alleged violations.

Following an evidentiary hearing, the district court found that Greer violated his probation by failing to report to his probation officer and absconding from supervision. In making these findings, the district court indicated that it had reviewed an audio recording of Greer's second retained jurisdiction hearing to determine that, during that hearing, he "was reminded by the Court that he had been on probation before and that he was to meet with his probation officer." The district court then revoked Greer's probation and imposed the underlying sentence. Greer appeals.

## II.

## STANDARD OF REVIEW

The decision to revoke probation is a two-step, discretionary decision. *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017); *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The court must first find that the probation has been violated and if so, whether probation should be revoked. *State v. Allmaras*, 167 Idaho 698, 706, 475 P.3d 1220, 1228 (Ct. App. 2020). The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *Id.*

If a probation violation is proven, the district court has the discretion to revoke probation. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Greer argues there is insufficient evidence to support a finding that he violated his probation because the district court relied upon evidence outside the record to find he was ordered

to meet his probation officer after the second period of retained jurisdiction. Alternatively, Greer contends the district court abused its discretion by revoking his probation. The State responds that the district court judicially noticed the audio recording it referenced when finding Greer was reminded to meet his probation officer pursuant to Greer's request and, even if not, there is still substantial and competent evidence that Greer absconded from supervision. Because there is substantial, competent evidence without the audio recording that shows Greer violated his probation by absconding, we affirm the district court's finding without addressing the arguments related to the district court's consideration of the recording. We further hold that Greer has failed to show the district court abused its discretion by revoking his probation.

## A.    Probation Violation

In a probation revocation proceeding, the trial court must first determine whether the probationer violated probation. *State v. Gale*, 171 Idaho 550, 552, 524 P.3d 52, 54 (Ct. App. 2022). A court may not revoke probation without a finding that the probationer violated the terms of probation. *See* I.C. §§ 19-2603, 20-222; *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999). The State bears the burden of proving such a violation by a preponderance of the evidence. *Gale*, 171 Idaho at 552, 524 P.3d at 54. The trial court's findings in a probation revocation proceeding, including a finding that a violation occurred, will be upheld if supported by substantial evidence. *Id.* However, when reviewing a substantial evidence challenge in the probation revocation context, due process precludes consideration of testimony or other materials not presented as evidence during the probation revocation hearing. *Id.*

In a written decision entered following the evidentiary hearing, the district court found Greer violated his probation both by failing to report to probation and parole and by absconding from supervision. In making this determination, the district court noted that, prior to being released following a second period of retained jurisdiction, Greer "completed an Agreement of Supervision" that (among other things) required him to "report as directed by his probation officer" and "reside in an approved location and not change residence without the permission of his probation officer." Another provision of the document indicated that Greer would "*be available for supervision as instructed by [his probation and parole officer] and [would] not actively avoid supervision.*" However, Greer's probation officer testified during the evidentiary hearing that Greer never contacted her and could not be located at his approved residence. The district court

3

further observed that, during the review hearing following Greer's second period of retained jurisdiction, Greer was reminded that "he had been on probation before and that he was to meet with his probation officer and follow through on all terms and conditions of probation." According to the district court, Greer "acknowledged this obligation by informing the Court, through counsel, that he had a ride to take him to check in at Probation and Parole." In support of this particular finding, the district court referenced an audio recording of the jurisdictional review hearing that was not admitted into evidence during the probation violation evidentiary hearing.[1]

Greer faults the district court for "going beyond the evidence admitted" during the evidentiary hearing to find that he violated his probation. Specifically, Greer argues at length that the district court erred when it "*sua sponte* relied upon an audio recording" of the second jurisdictional review hearing. In support of this argument, Greer cites I.R.E. 1005(b) and I.C.A.R. 27(d), which restrict the use of "electronic recordings" of court proceedings. However, with the exception of the rules governing privileges, the Idaho Rules of Evidence do not apply to probation revocation proceedings. I.R.E. 101(e)(3); *Gale*, 171 Idaho at 553, 524 P.3d at 55. Moreover, although I.C.A.R. 27(d)(2) prohibits the citation or use of an electronic recording "in any way as an official transcript," it is not clear that the district court's review of the audio recording in this case constitutes "citation or use" of the recording as an official transcript.

Nevertheless, we need not determine whether the district court's consideration of the audio recording of Greer's second jurisdictional review hearing was error if any such error would be harmless. *See* I.C.R. 52. As noted, the district court found that Greer violated his probation by failing to report to probation and parole and by absconding from supervision. It is within the trial court's discretion to revoke probation if *any* of the terms and conditions of probation have been violated. *State v. Done*, 139 Idaho 635, 636, 84 P.3d 571, 572 (Ct. App. 2003). Thus, if there is sufficient evidence to support one of the violations found by the district court, any error in the other finding would be harmless. Additionally, if the record contains substantial, competent evidence (excluding the audio recording) to support one of the violations, any error in considering the audio recording would also be harmless. As explained below, there is substantial, competent

---

[1]     The precise contents of the recording are unknown as it is not included in the appellate record.

evidence, without considering the audio recording, to support the finding that Greer absconded from supervision. As such, it is unnecessary to resolve whether the district court erred by relying upon the audio recording and any error in the finding that Greer violated his probation by failing to report to his probation officer is harmless.

As noted, the provision of Greer's supervision agreement relevant to the absconding violation required him to be available for supervision as instructed by his probation officer and to refrain from actively avoiding supervision. There is ample evidence in the record showing Greer engaged in a pattern of behavior permitting a finding that he was avoiding supervision. It is undisputed that Greer failed to contact his probation officer after being released from a second period of retained jurisdiction. Other acts and omissions by Greer demonstrate that he did not simply fail to contact his probation officer on a single occasion or that he could not be located for a brief period. The terms of Greer's supervision agreement, which was admitted as an exhibit during the evidentiary hearing, required him to reside in only an approved location and not to change residences without permission. Greer's initials next to these provisions of the supervision agreement indicate he was aware of and understood them. Greer's probation officer testified that Greer was approved to live in a transitional house run by "Pastor Joe." After visiting the address following Greer's release, however, Greer's probation officer not only discovered that Greer was not living in the residence, but also that the residence had not been a transitional home for about six years. Upon contacting Pastor Joe, Greer's probation officer learned that Greer had not contacted Pastor Joe after being released. Greer's probation officer further testified that Greer never contacted her via telephone, email, or in-person. This lack of contact and compliance is similar to the behavior Greer exhibited while on probation following his first period of retained jurisdiction, which he admitted violating and which resulted in a second period of retained jurisdiction.

Based on this evidence, a reasonable factfinder could determine Greer did more than simply fail to report. Despite residing outside his approved residence, the record does not indicate that Greer attempted to contact his probation officer to obtain permission to live in a new residence or update his contact information. To the contrary, the record shows that Greer absconded for three weeks following his release without exhibiting an intent to comply with the terms of his probation. For a probationer like Greer, who had prior terms of probation revoked due to

5

noncompliance, such behavior is particularly probative of his intent. In short, for weeks immediately following a second period of retained jurisdiction, Greer failed to establish contact with his probation officer while flouting the conditions of his probation by continuously living somewhere other than his approved residence. Accordingly, even if Greer was not given an express command to contact his probation officer, there is substantial, competent evidence supporting the district court's finding that Greer violated his probation by absconding from supervision.

## B. Probation Revocation

Greer argues that, assuming there is sufficient evidence supporting the finding that he willfully violated his probation, revoking his probation and imposing sentence was an abuse of discretion. After a probation violation has been proven, it is within the discretion of the trial court to revoke probation and impose sentence. *State v. Roy*, 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct. App. 1987). In determining whether to revoke probation, a trial court must examine whether the probation is achieving the goal of rehabilitation while protecting society. *State v. Hanchey*, 169 Idaho 635, 642, 500 P.3d 1159, 1166 (Ct. App. 2021). Evidence of the defendant's conduct before and during probation may be considered. *Roy*, 113 Idaho at 392, 744 P.2d at 120. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Hanchey*, 169 Idaho at 642, 500 P.3d at 1166.

In deciding to revoke Greer's probation, the district court expressed its belief that Greer's "opportunities at rehabilitation" had been exhausted. Of particular importance to the district court was Greer's serial probation violations. The district court noted that, "when somebody [has] been given the opportunity to do two Riders" and another probation violation occurs, "I think that we have exhausted our resources." In light of Greer's prior failures to comply with his probation terms, the district court reasoned that it was necessary "to look at the factors of punishment and deterrents as being more persuasive in this situation." Consequently, the district court revoked Greer's probation and imposed his underlying sentence of seven years, with a minimum period of confinement of two years.

6

According to Greer, the district court failed to follow applicable legal standards and did not exercise reason in deciding to revoke his probation. Specifically, Greer contends the district court "erroneously concluded [Greer's] rehabilitative opportunities had been exhausted where [he] was released" but the housing arranged for him "was no longer functioning as a residence for those needing assistance." Greer's argument is unpersuasive and fails to demonstrate an abuse of discretion. Contrary to Greer's assertions, one would expect him to at least attempt to contact his probation officer during the three weeks Greer lived outside approved housing if he intended to comply with his probation. Even if Greer was surprised that his approved residence was no longer functioning as transitional housing, he made no attempt to contact the entity that was supposed to be managing that residence to obtain different housing. Moreover, as the district court noted, this was not the first time Greer violated his probation in this case. Greer was originally sentenced to a period of retained jurisdiction. Two weeks after that first period of retained jurisdiction, Greer violated his probation by being charged with new crimes and absconding. Similar to his behavior following his second period of retained jurisdiction, Greer failed to contact his probation officer following the first period of retained jurisdiction. Furthermore, Greer has also violated his probation in at least one of his two prior felony convictions.

Applying the relevant legal standards, we cannot say the district court abused its discretion by revoking Greer's probation and ordering execution of his underlying sentence. In deciding to revoke Greer's probation, the district court expressly noted it considered punishment, deterrence, rehabilitation, and public safety. In light of Greer's lengthy history of noncompliance, the district court revoked Greer's probation, concluding "opportunities at rehabilitation [had] been exhausted." In doing so, the district court acted consistently with applicable legal standards and within the boundaries of its discretion because Greer's probation was not achieving the goal of rehabilitation while protecting society.

## IV.
## CONCLUSION

Greer has failed to show there is insufficient evidence to support the district court's finding he violated his probation by absconding or that revoking his probation was an abuse of discretion. Accordingly, the district court's order revoking Greer's probation is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.