# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50138

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

TYLER JAY ONG,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: June 5, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lamont C. Berecz, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Tyler Jay Ong appeals from an order revoking his probation. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Ong pled guilty to possession of methamphetamine. I.C. § 37-2732(c).[1] The district court sentenced Ong to a unified term of four years, with a minimum period of confinement of two years; suspended Ong's sentence; and placed him on probation.

---

[1] Ong also pled guilty and was sentenced for two misdemeanors--possession of drug paraphernalia and driving without privileges.

In May 2019, Ong admitted to violating the terms of his probation and the district court reinstated his probation. Less than a year later, Ong again admitted to violating the terms of his probation. The district court revoked Ong's probation but retained jurisdiction and sent him to participate in the rider program. Following completion of his rider, the district court suspended Ong's sentence and placed him back on probation.

In March 2021, Ong again admitted to violating his probation. The district court revoked Ong's probation but again retained jurisdiction. Following completion of his rider, the district court once again suspended Ong's sentence and reinstated his probation. Among the terms of Ong's probation was the requirement that he "obey all municipal, county, state and federal laws."

In June 2022, the State filed a motion for probation violation, alleging Ong violated the terms of his probation by pleading no contest to a criminal offense in Hawaii, possessing controlled substances, and failing to obtain a substance abuse evaluation. Ong denied the allegations and an evidentiary hearing was held. The district court found, by a preponderance of the evidence, that Ong violated the terms of his probation by committing a new crime in Hawaii. The district court revoked Ong's probation and ordered execution of the underlying sentence. Ong appeals.

## II.

## STANDARD OF REVIEW

The decision to revoke probation is reviewed for an abuse of discretion. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Ong argues the district court abused its discretion by revoking his probation because "there was not substantial and competent evidence to support a finding that he willfully violated a condition of probation" because the only evidence presented in support of the violation was that Ong entered a no-contest plea to a new crime. The State responds that the judgment entered on

2

Ong's no-contest plea is sufficient evidence to support the district court's finding that Ong violated the terms of his probation by failing to obey the law. We hold there was sufficient evidence to support the district court's probation violation determination.

The decision to revoke probation is a two-step, discretionary decision. *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017); *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The trial court must first determine whether the probationer violated the terms of probation. *State v. Gale*, 171 Idaho 550, 552, 524 P.3d 52, 54 (Ct. App. 2022). The State bears the burden of proving such a violation by a preponderance of the evidence. *Id*. The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *Id.* After a probation violation has been proven, it is within the discretion of the trial court to revoke probation and impose sentence. *State v. Roy*, 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct. App. 1987). Probation may not be revoked unless the probation violation was willful. I.C.R. 33(f); *see also State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022); *Garner*, 161 Idaho at 711, 390 P.3d at 437.

At the evidentiary hearing on Ong's probation violation, the State introduced four exhibits. Exhibit 1A is a copy of Ong's judgment of conviction from Hawaii, indicating he pled "no contest" to violating Hawaii Revised Statute Section 708-822(1)(b) by "intentionally or knowingly" damaging another's property. The judgment reflects that, as a result of his plea, Ong was sentenced to ten days in jail, with credit for time served, and that he was ordered to pay over $2000 in restitution. Exhibit 1B provides the language of Hawaii Revised Statute Section 708-822(1)(b). Exhibit 3 is an arrest warrant for Ong filed by the Hawaii Paroling Authority.[2] Exhibit 4 is a summary of the findings from Ong's hearing before the Hawaii Paroling Authority. Specifically, Exhibit 4 indicates there was a probable cause finding that Ong violated "the term(s) and condition(s) of parole." Relying primarily on the judgment entered in Hawaii (Exhibit 1A) and the language of the statute to which Ong pled no contest (Exhibit 1B), the district court found that Ong violated the term of his probation that required him to obey all laws.

---

[2]     The record shows that Hawaii courts use the term "parole" in the same way Idaho courts use "probation."

3

Ong argues the district court's revocation order should be reversed because "the record does not contain sufficient evidence to support a finding that [he] willfully violated the condition of probation." Ong contends that, because the record does not contain information "about the events that gave rise to [Ong's] underlying arrest in the Hawaii criminal case," the record is insufficient to justify the district court's finding that he willfully violated probation by committing a new crime. We disagree.

The district court was presented with evidence establishing Ong's intent with respect to the alleged violation. Specifically, Ong's judgment of conviction from Hawaii showed Ong violated Hawaii Revised Statute Section 708-822(1)(b) by "intentionally or knowingly" damaging another's property. Ong does not dispute the validity of the judgment of conviction, nor is there any evidence in the record to support a conclusion that there was no factual basis for his conviction. Contrary to Ong's claim, that the judgment was entered pursuant to a no-contest plea does not establish that the conduct underlying the plea and judgment was anything but willful, particularly in light of the elements of the applicable statute (Hawaii Revised Statute Section 708-822(1)(b)). Ong has failed to cite any authority to support a contrary conclusion.[3] Indeed, the applicable authority supports the district court's reliance on Ong's judgment of conviction from Hawaii. *See State v. Dempsey*, 146 Idaho 327, 330, 193 P.3d 874, 877 (Ct. App. 2008) (observing that the "great weight of authority permits the revocation of probation based solely upon the probationer's subsequent criminal conviction, even when an appeal . . . is pending"); *see also State v. Kerr*, 115 Idaho 725, 726, 769 P.2d 602, 603 (Ct. App. 1989) (holding conviction of misdemeanor offense was sufficient to establish probation violation for committing new crime). Moreover, a probation violation can be based on the commission of a new crime even in the absence of a judgment of conviction or notwithstanding an acquittal. *See State v. Wilson*, 127 Idaho 506, 510-11, 903 P.2d 95, 99-100 (Ct. App. 1995) (holding "that there is no requirement that a judgment of conviction be a prerequisite to finding a probation violation when the alleged violation is the commission of a crime"). There was sufficient evidence to support the district court's finding that Ong willfully violated his probation in Idaho by committing a crime in Hawaii.

---

3       Ong cites I.R.E. 410(a)(2) and I.R.E. 803(22) as persuasive but acknowledges the rules of evidence do not apply to probation revocation proceedings, I.R.E. 101(e)(3).

After finding Ong violated his probation, the district court determined revocation of Ong's probation was appropriate. Ong does not challenge the revocation of his probation beyond his assertion that probation could not be revoked in light of his assertion that there was insufficient evidence that he willfully violated his probation. Because we have rejected Ong's sufficiency of the evidence argument, we need not address whether the district court abused its discretion in revoking probation. Ong has failed to show the district court abused its discretion when it revoked his probation.

## IV.

## CONCLUSION

Ong has failed to show there was insufficient evidence to support the district court's finding that he willfully violated his probation. Accordingly, the district court's order revoking Ong's probation is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.