**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50505**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT JAMES FARRELL-QUIGLE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Rich Christensen, District Judge.

Order revoking probation, affirmed.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Madison B. Allen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Robert James Farrell-Quigle appeals from the district court's order revoking probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Farrell-Quigle with two counts of lewd conduct with a minor under sixteen, Idaho Code § 18-1508. A jury found Farrell-Quigle guilty of both counts. On appeal, the Idaho Supreme Court vacated the judgment of conviction and remanded the case. *State v. Farrell-Quigle*, 167 Idaho 773, 477 P.3d 208 (2020).

On remand, the parties reached a resolution with an Idaho Criminal Rule 11(f) plea agreement: Farrell-Quigle would plead guilty to one count of sexual abuse of a minor (amended from the lewd and lascivious charge). The parties would recommend a stipulated sentence of twenty-five years with the determinate time equaling the credit for time served and the remaining

1

indeterminate time suspended with five years of probation. The district court followed the I.C.R. 11(f) agreement and placed Farrell-Quigle on probation. Farrell-Quigle signed the standard Idaho Department of Corrections agreement of supervision and sex-offender supervision agreement setting forth the conditions of his probation.

The State subsequently filed a motion for probation violation. After an evidentiary hearing, the district court found Farrell-Quigle in violation of his probation for failing to set up a polygraph as instructed by his probation officer, possessing pornography on his phone, and failing to obtain approval of his probation officer prior to engaging in business activity relating to a thrift store. The district court revoked Farrell-Quigle's probation and imposed his sentence. Farrell-Quigle timely filed a notice of appeal.

## II.

## STANDARD OF REVIEW

A court's finding that a probation violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. *State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022); S*tate v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017). When conflicting evidence is presented, this Court defers to the trial court's determination of credibility. *Ross*, 170 Idaho at 62, 507 P.3d at 549.

## III.

## ANALYSIS

Farrell-Quigle does not contest the district court's findings that he violated two terms of probation by failing to set up a polygraph as instructed by his probation officer and by possessing pornography on his phone. Farrell-Quigle only contests the district court's finding that he violated condition 15 of the sex-offender supervision agreement regarding employment. Condition 15 of Farrell-Quigle's supervision agreement required him to notify his probation officer prior to starting or changing employment.

Farrell-Quigle frames the issue and his conduct as simply entering into a commercial lease and setting up and briefly operating a thrift store with his wife. He maintains that the State did not provide satisfactory proof of a violation of condition 15 of his supervision agreement because his involvement with the thrift store did not constitute employment and, as a result, it did not trigger the requirements of condition 15. Farrell-Quigle argues he remained gainfully employed and did

2

not violate the other requirements of condition 15. He argues that this Court should vacate the order revoking his probation and remand this case to the district court because it is not clear from the record whether the district court would have revoked his probation based upon the two violations that he does not challenge.

The State argues that, based on evidence presented at the evidentiary hearing, the district court correctly found that Farrell-Quigle was in violation of his probation when he failed to inform or obtain approval from his supervising probation officer prior to starting new employment and/or changing existing employment in violation of condition 15 of his supervision agreement. The State further argues that, even if the district court erred, the error was harmless because the probation revocation disposition was supported by the two other unchallenged probation violations.

In a probation revocation proceeding, the district court must address three issues: (1) whether a condition of probation was actually violated, (2) whether the violation justifies revoking the probation, and (3) if revoked, what prison sentence should be ordered. *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The latter two issues are within the district court's discretion. *Id*. It is within the trial court's discretion to revoke probation if any of the terms and conditions of probation have been violated. I.C. §§ 19-2603, 20-222; *Morgan*, 153 Idaho at 622, 288 P.3d at 839. The State bears the burden of providing satisfactory proof of a violation, though proof beyond a reasonable doubt is not required. *Ross*, 170 Idaho at 62, 507 P.3d at 549. Proof by a preponderance is sufficient to support a finding of a probation violation. *Id.* at 63, 507 P.3d at 550.

In this case, the State called several witnesses to establish that Farrell-Quigle violated his probation by beginning new employment without notifying his probation officer. Farrell-Quigle's supervising probation officer testified that, when supervision began, Farrell-Quigle reported he was self-employed installing phone lines at various locations inside and outside the State of Idaho. Condition 15 of Farrell-Quigle's probation supervision requirement required him to inform his supervising probation officer and obtain permission to change employment. Farrell-Quigle mentioned to his supervising probation officer that he wanted to open a food truck, but this was denied. Farrell-Quigle never had approval from his supervising probation officer to have any type of employment other than the phone line installation business.

While on probation, Farrell-Quigle was placed on a GPS monitor by his supervising probation officer due to calls that Farrell-Quigle was not staying at his registered address. Once alerted, the supervising probation officer noticed that Farrell-Quigle's GPS data points showed that he was in Priest Lake, which was where Farrell-Quigle stated he wished to start the food truck business. The supervising probation officer contacted the owners of a service center, the location the GPS coordinates placed Farrell-Quigle, and confirmed that he had been leasing a space in the building. The owners provided the supervising probation officer access to the space leased by Farrell-Quigle. The supervising probation officer noticed children's clothing racks, cases of video games, and a drive-up window for Italian sodas in the leased space. Farrell-Quigle admitted that this was a business that both he and his wife operated. However, the supervising officer was informed by other witnesses that Farrell-Quigle was observed alone several times in the business.

The owner of the service center rented out a space in his building to Farrell-Quigle through a leasing agreement. Farrell-Quigle was alone when he signed the lease agreement, and there was no one else listed on the lease agreement other than Farrell-Quigle. Farrell-Quigle moved thrift-like items into the leased space. The owner of the service center saw Farrell-Quigle work in the store multiple days a week but never noticed anyone else work in the store with him.

A business owner leased the space next to Farrell-Quigle. The business owner testified that Farrell-Quigle was the only person running the business and he only saw Farrell-Quigle's wife with him on one occasion. The business owner also testified that he frequently saw and heard about Farrell-Quigle advertising and promoting the thrift store business within the area.

At the conclusion of the evidentiary hearing, the district court found that "it is clear that [Farrell-Quigle] was involved with this business from the very get-go." The evidence showed he "found the property on which to place the business, that he signed the leasehold agreement, that he was at the shop much more than his spouse," and that he "was promoting the business by handing out samples." Because Farrell-Quigle was "required to obtain approval of his [probation officer] prior to engaging in such business activity and he failed to do so," the district court found Farrell-Quigle in "willful violation of the terms and conditions of his probation."

Farrell-Quigle's argument that the thrift shop did not rise to the level of "employment" is without merit. Substantial evidence was presented that he opened, operated, and advertised the thrift store. Farrell-Quigle also found the location for the thrift store and was the primary actor in

4

opening the self-owned and self-operated store. Self-employment is a type of employment. Although Farrell-Quigle was not working for a "master" or "employer," Farrell-Quigle worked for himself by opening a business that would return a profit if there was a market for his goods. Both parties define employment in their briefing using definitions taken from traditional and legal dictionaries. It cannot seriously be argued or debated that self-employment is not a type of employment. In fact, Farrell-Quigle has been self-employed and used that self-employment, installing telephone lines, to abide by the employment provisions of condition 15 of the sex-offender supervision agreement. Even assuming Farrell-Quigle's wife was involved in the thrift shop, this does not negate the information that Farrell-Quigle himself was the primary actor in its opening and operations. The district court properly found Farrell-Quigle was employed at the thrift store.

All the requirements of condition 15 relate to employment, not to general business activity. Farrell-Quigle agreed to remain gainfully employed, obtain approval before starting new employment or changing employment, inform his current or potential employer of his crimes, and immediately notify his probation officer if he was terminated or dismissed for any reason. He violated condition 15 by undertaking additional employment without the permission of his supervising probation officer.

Because this Court agrees with the district court that Farrell-Quigle was employed at the thrift store, this Court need not examine the alternative arguments regarding harmless error with respect to the district court's decision to revoke probation. Based upon a review of the record and because Farell-Quigle violated multiple conditions of his probation, this Court cannot conclude that the district court erred in revoking Farrell-Quigle's probation and imposing the underlying sentence.

## IV.

## CONCLUSION

The district court's finding that Farrell-Quigle violated his probation regarding employment is supported by substantial evidence. Consequently, the district court's order revoking probation is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

5