**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51368**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 31, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| DAHLIN J. EWING, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation and directing execution of previously suspended sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Dahlin J. Ewing appeals from the district court's order revoking his probation and directing execution of his previously suspended sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dahlin J. Ewing pled guilty to enticing a child through the use of the internet or other communication device. I.C. § 18-1509A. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Ewing to a unified term of fifteen years, with a minimum period of confinement of five years, but after a period of retained jurisdiction, suspended the sentence and placed Ewing on probation. Approximately four months into Ewing's probationary period, the State filed a report and motion for probation violation. In the report of

1

violation, Ewing's probation officer alleged that Ewing violated his probation by contacting multiple juvenile females via social media, accessing pornography on his smartphone, failing to surrender the smartphone after purchasing a flip phone, and failing to pay court-ordered fines, fees, and costs. At the probation violation hearing, Ewing admitted to violating his probation by failing to pay fines, fees, and costs. Pursuant to a disposition agreement, the State dismissed the remaining allegations but retained the right to "argue all facts" in support of its sentencing recommendation. At the disposition hearing, the district court heard argument concerning the dismissed allegations, including Ewing's alleged online contact with minors and possession of explicit material. The State recommended that the district court revoke Ewing's probation and impose the underlying sentence. The district court acknowledged that Ewing admitted to a single violation but found that there was substantial evidence supporting the State's dismissed allegations. As a result, the district court revoked Ewing's probation and ordered execution of the original sentence. Ewing filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Ewing appeals.

## II.

## STANDARD OF REVIEW

The decision to revoke probation is reviewed for an abuse of discretion. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Ewing argues the district court abused its discretion when it revoked his probation "primarily based on allegations that the State chose not to pursue." Ewing further asserts that, "in light of the mitigating information presented," the district court "did not exercise reason, and thus abused its discretion, by revoking his probation." The State responds that the record and applicable law support the district court's revocation of Ewing's probation because there was substantial

evidence that he violated his probation. We hold that Ewing has failed to show the district court erred in revoking his probation.

The decision to revoke probation is a two-step, discretionary decision. *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017); *State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). The trial court must first determine whether the probationer violated the terms of probation. *State v. Gale*, 171 Idaho 550, 552, 524 P.3d 52, 54 (Ct. App. 2022). The State bears the burden of proving such a violation by a preponderance of the evidence. *Id*. The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence. *Id.* After a probation violation has been proven, it is within the discretion of the trial court to revoke probation and impose sentence. *State v. Roy*, 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct. App. 1987). Probation may not be revoked unless the probation violation was willful. I.C.R. 33(f); *see State v. Ross*, 170 Idaho 58, 62, 507 P.3d 545, 549 (2022); *Garner*, 161 Idaho at 711, 390 P.3d at 437.

In this case, the State filed a motion for probation violation, alleging Ewing violated his probation by: (1) contacting multiple juvenile females through social media; (2) accessing pornography; (3) possessing a smartphone; and (4) failing to pay fines, fees, and costs. Thereafter, the record shows a number of hearings were continued because the Internet Crimes Against Children Task Force (ICAC) of the Idaho Attorney General's Office was contemplating filing new criminal charges based on Ewing's conduct underlying his probation violation allegations. As a result, the parties entered into an agreement whereby Ewing agreed to admit to the fourth allegation (that he failed to pay required fines, fees, and costs) and the State agreed to dismiss the remaining allegations. However, the State retained the right to argue the underlying facts associated with those dismissed claims at the disposition hearing. Prior to Ewing admitting he violated his probation, he acknowledged his understanding of the terms of the agreement, including that the State "reserved the right to argue the facts" underlying the dismissed allegations. At the disposition hearing, the State recommended that the district court impose Ewing's underlying sentence, while he asked to be placed back on probation or given a second period of retained jurisdiction. Alternatively, Ewing sought a reduction of his sentence.

Ultimately, the district court determined that Ewing violated his probation. The district court began by noting certain terms and conditions of Ewing's probation, "which included the

standard agreement of supervision" that "curtail[ed] his contact with minors" According to the district court, the terms restricting Ewing's contact with minors were "specifically put in place to protect society while [Ewing] was undergoing additional sex offender treatment." The district court acknowledged that Ewing admitted to violating terms of his probation by not paying his fines, fees, and costs. However, the district court also recognized that the State reserved "the right to argue all of the allegations that [were] contained in the report of violation." The district court found that, despite the ICAC electing to not file additional charges based on the probation violation allegations, Ewing's contact with "those minors was a violation of the standard agreement of supervision and the special terms and conditions of probation that were put in place to ensure" the public's safety. Additionally, because Ewing demonstrated during the sentencing hearing for his underlying case that he was "bright," "capable" and "had a lot of support, in spite of [his] criminal conduct," the district court found that Ewing "understood [the terms of supervision] and violated [them] anyway." As a result, the district court revoked Ewing's probation and ordered execution of the underlying sentence.

Contrary to Ewing's argument, the record does not indicate that the State declined to pursue the dismissed probation violation allegations. Instead, the record shows that the State and Ewing negotiated a resolution allowing the State to present evidence of Ewing's alleged probation violations while protecting him from making admissions that could be used in any potential criminal proceeding arising from the ICAC investigation. To the extent Ewing argues the district court should not have been able to consider facts relating to allegations that were ultimately dismissed pursuant to the parties' agreement, his argument is contrary to law. *See State v. Lafferty*, 125 Idaho 378, 382 n.2, 870 P.2d 1337, 1341 n.2 (Ct. App. 1994) (holding that, once a probation violation is shown, trial courts can consider other incidents of probation violations which have not been formally charged in determining whether to revoke or continue probation).

Moreover, the doctrine of invited error precludes Ewing from challenging on appeal a decision he acquiesced to. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The purpose of the doctrine is to prevent a party who caused or played an important role in prompting the trial court to take action from later challenging that decision on appeal. *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289

4

(2020). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).

Ewing formally admitted to one probation violation allegation (failing to pay court-ordered fines, fees, and costs) while agreeing that the State could argue the underlying facts of the dismissed allegations at the disposition hearing. The parties presented the disposition agreement to the district court, and Ewing acknowledged his understanding of its terms on the record. Because Ewing played a central role in the district court accepting the agreement, and because he agreed the State could argue the facts related to the dismissed probation violation allegations, he cannot now claim error based on that to which he agreed. If, as Ewing argues, he wished to subject the allegations to the "crucible of cross-examination," his opportunity to do so was at the probation violation hearing, which he waived by entering into the disposition agreement. Moreover, nothing precluded Ewing from presenting evidence or argument at the disposition hearing in response to the allegations he agreed could be considered at that juncture.

Finally, Ewing's argument that the district court "did not exercise reason by revoking his probation based on the mitigating information presented during the proceedings" is unpersuasive. In support of his argument, Ewing highlights his probation officer's report which indicated Ewing "appeared to be doing well during supervision," his participation in sex-offender treatment, the support his family members offer him, and that he "was in the process of starting a business." These mitigating factors, Ewing maintains, showed he "could potentially succeed in the community through further treatment and programming." Ewing's compliance with the terms of his probation does not establish that the district court erred in revoking his probation. Moreover, the record shows that the district court considered these mitigating factors and determined revoking Ewing's probation was nevertheless appropriate. Ewing has failed to show the district court abused its discretion when it revoked his probation.

## IV.

## CONCLUSION

Ewing has failed to show the district court abused its discretion in either revoking probation or in ordering execution of his sentence. The district court's order revoking probation and directing execution of Ewing's previously suspended sentence is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

5