**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49649/49650/49651**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 27, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SETSU LILLARD BARRETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders revoking probation, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Setsu Lillard Barrett appeals from the district court's orders revoking probation. Barrett argues the district court erred in revoking his probation without expressly finding he willfully violated probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Barrett pled guilty to burglary, Idaho Code § 18-1401 (Docket No. 49649). The district court withheld judgment and placed Barrett on probation for a period of four years. Approximately two years later, Barrett pled guilty to possession of a controlled substance (heroin), I.C. § 37-2732(c)(1) (Docket No. 46950), and he admitted to violating his probation in the burglary case. The district court imposed unified sentences of seven years with three years determinate for both the possession of heroin and burglary convictions, suspended execution of the sentences, and

1

placed Barrett on probation. Subsequently, Barrett pled guilty to possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1) (Docket No. 49651), and he again admitted to violating his probation in the previous cases. The district court imposed a unified sentence of seven years with three years determinate for possession of methamphetamine, suspended the sentence, and ordered probation in all three cases.

Approximately one year later, the State filed a motion for probation violation. At the probation revocation evidentiary hearing, the State presented evidence that Barrett had been convicted of trafficking heroin, admitted using marijuana, and failed to report to his probation officer. Barrett testified that he had been convicted of trafficking heroin. Ultimately, the district court found that Barrett violated his probation in all three cases. The district court determined that the trafficking conviction mandated a minimum sentence, which precluded consideration of probation. The district court revoked probation and directed execution of the three previously suspended sentences. Barrett timely appeals and the three cases have been consolidated on appeal.

## II.

## STANDARD OF REVIEW

In *State v. Le Veque*, 164 Idaho 110, 113, 426 P.3d 461, 464 (2018) the Supreme Court stated:

> The decision to revoke probation is a two-step process. *State. v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017). First, "[a] court may not revoke probation without a finding that the probationer violated the terms of probation." [*State v.* ]*Rose*, 144 Idaho [672,] 765, 171 P.3d [253,] 256 [2007]. "The trial court's factual findings in a probation revocation proceeding, including a finding that a violation has been proven, will be upheld if they are supported by substantial evidence." *Id.* Second, "[o]nce a probation violation has been proven, the decision of whether to revoke probation is within the sound discretion of the court." *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Barrett argues the district court abused its discretion by revoking probation without expressly finding he willfully violated probation. Specifically, Barrett asserts willfulness cannot

2

be presumed or inferred and cannot be implied later based on the evidence the district court could have used to make such a finding. The State argues Barrett failed to preserve his claim that an express finding of willfulness is a prerequisite to revoking probation or any error "was in fact invited." The State also argues Barrett has failed to show the district court committed fundamental error and any error is harmless.

Appellate court review is generally limited to the issues, positions, and theories presented below. *State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019); *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). "[A] party preserves an issue for appeal by properly presenting the issue with argument and authority to the trial court below and noticing it for hearing *or* a party preserves an issue for appeal if the trial court issues an adverse ruling." *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). Barrett challenges the court's absent or inferred finding of willfulness and asks this Court to "hold that the strongly worded language of Criminal Rule 33(f) requires that a trial court make an *express* finding of willfulness before it is authorized to revoke a defendant's probation." Barrett also argues the district court abused its discretion by failing to provide a written statement of its reasons for revocation. Barrett did not, however, argue to the district court that I.C.R. 33 requires an express finding of willfulness, nor did he ask the district court to make a written finding of the reasons for revocation. Thus, these claims of error are not preserved. Although it is not clear that Barrett is challenging the sufficiency of evidence that his probation violation was willful, to the extent he is, we hold that the record supports the implicit conclusion that Barrett's probation violation was willful.[1]

Idaho Criminal Rule 33(f) states a trial court must not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation. Probation may only be revoked if the defendant's violation was willful. *State v. Garner*, 161 Idaho 708, 711, 390 P.3d 434, 437 (2017). A district court may reasonably infer that a defendant's violation of probation was willful if supported by substantial and competent evidence. *Id.* at 712, 390 P.3d at 438; *see Le Veque*, 164 Idaho at 113, 426 P.3d at 464 (district court's factual findings in a probation revocation proceeding, including a

---

[1] Because Barrett requested revocation and imposition of his sentence in the methamphetamine case, he cannot now claim error based on the district court doing precisely what he asked the district court to do.

finding that a violation has been proven, will be upheld if supported by substantial evidence). When a district court does not make an express finding of willfulness, an appellate court examines the evidence presented to determine if the district court made an implicit finding of willfulness. *State v. Clausen*, 163, 180, 183, 408 P.3d 935, 938 (Ct. App. 2017). We review the evidence presented at the probation revocation hearing from which willfulness could be inferred. *Id.* at 184, 408 P.3d at 939. If review of the evidence does not support a finding of willfulness then revocation is inappropriate. *Id.*

In *Garner*, the Idaho Supreme Court reviewed a district court's finding that a defendant willfully violated a condition of probation by violating a no contact order. *Garner*, 161 Idaho at 712-13, 390 P.3d at 438-39. The Idaho Supreme Court held the district court's findings were supported by substantial and competent evidence because the district court could reasonably infer from the facts that the defendant's violation was willful. *Id.* The evidence that supported the district court's finding that Garner willfully violated the no contact order included that Garner parked near the victim's place of employment, observed her, notified a friend that he saw her, and provided inconsistent explanations for his presence. *Id.* at 712, 390 P.3d at 438.

In *Clausen*, this Court held that where a district court does not make an express finding, an implicit finding of willfulness requires sufficient evidence in the record from which willfulness could be inferred. *Clausen*, 163 Idaho at 184, 408 P.3d at 939. The district court in *Clausen* failed to make an express finding of willfulness, and the record did not support an implicit finding of willfulness because the State did not articulate the specific mental health court rule Clausen violated, nor did the State provide exhibits to identify the rule violation. *Id.* at 183, 408 P.3d at 938. The evidence indicated Clausen believed his actions were compliant with the rules, not willful violations, and the district court did not expressly address the willfulness of the violation. *Id.* at 182, 408 P.3d at 937. Therefore, on appeal, we held there was insufficient evidence to support an implicit finding of willfulness. *Id.*

The record shows that Barrett was convicted of the felony trafficking offense, admitted his marijuana use, and admitted his failure to report, and the district court rejected his failure to report assertions. In order to be convicted of trafficking, *mens rea* must be established. Barrett conceded he was convicted of trafficking, which includes a willful element. Barrett's willfulness in committing a criminal act is also a willful violation of his probation and, therefore, there is no

credible dispute as to the willfulness of this alleged probation violation. *See* Idaho Criminal Jury Instruction 406E.

In addition, Barrett admitted to violating certain terms and conditions of his probation. Barrett testified, "I got it in my head because all these kids wouldn't leave me alone, that I could just use once, for some reason, and then [I] could get back off." Barrett testified that he had been convicted of trafficking an illegal substance. The district court found Barrett had not abstained from drug use and had not reported to his probation officer as instructed. Barrett asserted he was unaware of the reporting rules, but the district court concluded the probation officer's testimony was credible. We defer to the district court's credibility determinations. *State v. Ross*, 170 Idaho 58, 63, 507 P.3d 545, 550 (2022) (deferring to the district court's credibility determinations when conflicting testimony below). There exists in the record sufficient evidence that Barrett willfully violated his probation.[2] At the conclusion of the hearing, the district court found there was substantial evidence that Barrett violated his probation by trafficking heroin, using controlled substances, and not reporting to his probation officer. Although the district court did not expressly use the term "willfully," the evidence supports that the court reasonably concluded that Barrett willfully violated the terms of his probation. Accordingly, the district court did not abuse its discretion in revoking Barrett's probation and executing the sentences.[3]

## IV.

## CONCLUSION

The record amply supports that Barrett willfully violated probation. The district court did not abuse its discretion either in revoking probation or in ordering execution of Barrett's sentences. Therefore, the orders revoking probation and directing execution of Barrett's previously suspended sentences are affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[2] Barrett's Report of Probation Violation cited three violations of the standard terms and conditions of probation: Condition 4 required he obey all laws and not commit any new offenses; Condition 7 prohibited possession of controlled substances; Condition 15 mandated reporting to the probation officer as directed.

[3] Because we hold that the evidence supports an implicit finding of willfulness, we need not address the State's fundamental error or harmless error arguments.